UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RICHARD D. HAMONTREE,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:17-cv-00734 ) CHIEF JUDGE CRENSHAW |
| **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,** | ) ) ) |
| Defendant. | |

## MEMORANDUM AND ORDER

Richard Hamontree has filed this *pro se* civil action for a writ of mandamus under 28 U.S.C. § 1361 (Doc. No. 1), along with an application to proceed in district court without prepaying fees and costs. (Doc No. 2.) The case is before the Court for a ruling on the application and for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2).

### A. Application to Proceed as a Pauper

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize the commencement of a lawsuit without payment of the filing fee by a person who submits an affidavit establishing that he is unable to pay the fee. Because it is apparent from Plaintiff's submission that he lacks the funds to pay the filing fee, his application to proceed as a pauper (Doc. No. 2) is **GRANTED**.

### B. Initial Review of the Complaint

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any pleading filed *in forma pauperis*, and to dismiss the pleading if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

against a defendant who is immune from such relief. Moreover, this court has the inherent authority to dismiss a complaint *sua sponte* at any time for lack of subject matter jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff lives in Auburn, Kentucky, and alleges that on some unspecified date(s) he has received inadequate medical care at the Veterans Clinic in Bowling Green, Kentucky. (Doc. No. 1, at 1–3.) Accordingly, he alleges that he has submitted a request at the "Nashville VA Hospital, Office of the Advacote" to be assigned to a new doctor who is knowledgeable about the treatment of diabetic patients, and to a nurse who is a qualified nutritionist. (Id. at 3.) Plaintiff attaches to his complaint a "Patient Request for Change of TVHS [Tennessee Valley Healthcare System] Primary Care Provider," a Department of Veterans Affairs form dated March 27, 2017, on which he checked "Medical Care Concerns" as his reason for the request. (Doc. No. 1, at 14.) Specifically, Plaintiff wrote on the form "hospitalized two times from poor care/wrong care[;] internal bleeding March 2017[;] had to have blood – plasma etc." (Id.) Boilerplate language on the form advises that it might take up to 15 business days to process the request, and that an appointment would be scheduled with a new primary care physician upon approval. (Id.) The bottom of the form also instructs that the signed form must be provided, "(either in person or via

mail) to the TEAMLET Clerk **where you are CURRENTLY receiving care.** . . . **Your request cannot be processed if not provided or mailed to YOUR PROVIDER at your current clinic location as instructed.**" (Id. (emphasis in original).) Plaintiff alleges that he has not received any response to his request as of the time he signed his complaint on April 17, 2017 – precisely 15 business days from the date he signed the change request form in Nashville. He does not state whether or when he provided the form to the appropriate clerk in the Bowling Green clinic. (Id. at 3.)

Plaintiff seeks a writ of mandamus pursuant to 28 U.S.C. § 1361, "to compel [a] Federal Officer, employee or agency to perform a duty owed to the plaintiff." (Doc. No. 1, at 3.) Indeed, § 1361 broadly vests federal district courts with jurisdiction over actions "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Nevertheless, the Court lacks jurisdiction over Plaintiff's claim against the Department of Veterans Affairs arising from any decision by the Department about its provision of benefits to Plaintiff. Congress has expressly provided that, with few exceptions, no such claim may be reviewed at all:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). The exceptions to this bar include review of the Department's rules and regulations, matters relating to service members' group life insurance, housing and small business loans, and "matters covered by chapter 72 of this title." § 511(b)(4). Chapter 72 of Title 38 established the United States Court of Appeals for Veterans Claims and gave it "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," 38 U.S.C. §§ 7251, 7252(a),

which in turn has original jurisdiction over appeals from the Department's decisions affecting the provision of benefits. 38 U.S.C. § 7104(a). Accordingly, if Plaintiff disagrees with the Department's actions regarding his medical benefits, he must seek his remedy through the Board of Veterans' Appeals and the Court of Appeals for Veterans Claims, rather than this Court.

Alternatively, even if § 511(a) did not deprive this Court of jurisdiction, Plaintiff would not be entitled to a writ of mandamus. A plaintiff seeking mandamus relief must show (1) that he has a clear legal right to relief; (2) that there are no adequate alternative legal channels through which he may obtain that relief, and (3) that the grant of mandamus relief is appropriate under the circumstances. Cheney v. U.S. Dist. Court, 542 U.S. 367, 380–81 (2004). For there to be a duty owed to a plaintiff within the meaning of section 1361, "there must be a mandatory or ministerial obligation. If the alleged duty is discretionary or directory, the duty is not owed." Carson v. U.S. Office of Special Counsel, 633 F.3d 487, 495 (6th Cir. 2011) (quoting Maczko v. Joyce, 814 F.2d 308, 310 (6th Cir. 1987)).

Plaintiff in this case has not established that Defendant had any clear, mandatory obligation to respond to his request in less than 15 business days from the day he signed it. Even assuming for the sake of argument that the language on the form could create such an obligation, Plaintiff has not alleged that he complied with the form's express prerequisite of providing it to his current clinic in Bowling Green. Instead, he states that he completed the form in a facility in Nashville.[1] The lack of a response by day 15 is therefore not the type of "extraordinary situation" warranting

---

[1] The court has surmised that Plaintiff's submission of this form in Nashville, rather than in Bowling Green where the instructions require it to be submitted, may be a transparent instance of forum-shopping by a Plaintiff who has already had at least three previous lawsuits against the United States or its agencies dismissed by the United States District Court for the Western District of Kentucky in Bowling Green, see Hamontree v. United States, No. 1:16-cv-00084 (W.D. Ky. Sept. 29, 2016); Hamontree v. United States, No. 1:16-cv-00121 (W.D. Ky. Sept. 29, 2016); Hamontree v. United States, No. 1:15-cv-00023 (W.D. Ky. June 2, 2015), and whose motion in that court to transfer a previous case to another judge has already been denied. Hamontree v. United States, No. 1:16-cv-00084 (W.D. Ky. Sept. 29, 2016) (memorandum and order denying motion to transfer).

4

relief as "drastic" as mandamus. See Carson, 633 F.3d at 491 ("[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34, (1980)."); Miller v. McDonald, No. 15-4135, 2015 WL 7253276, at *1 (Vet. App. Nov. 17, 2015) (holding that 4-month delay in scheduling petitioner for examination at VA facility was not sufficiently extraordinary to warrant "drastic remedy of mandamus"). This is especially true where Plaintiff filed suit on day 15 and does not allege any effort on his part to inquire into the status of his request or otherwise "resolve the perceived delay by contacting officials with authority" over his request. Miller at *1.

To the extent Plaintiff seeks an order compelling Defendant not just to respond to his request, but to grant it and assign new health care providers to him, that sort of staffing decision is "the product of assessing and balancing the needs" of those the Department serves, and is thus "of the kind that the discretionary function exception was designed to shield." See Sharp ex rel. Estate of Sharp v. United States, 401 F.3d 440, 447 (6th Cir. 2005) (applying discretionary function exception to Federal Tort Claims Act to claim arising from National Forest Service's decisions about number and assignment of officers to park). Moreover, the existence of the Board of Veterans' Appeals as an alternative legal channel to contest that decision, as discussed above, would make a writ of mandamus inappropriate in this case.

"The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." Carson at 491 (quoting Maczko at 310). Although Plaintiff asserts that "jurisdiction arises under the Constitution," (Doc. No. 1, at 4), he has not established any **constitutional** right to be assigned to one healthcare provider rather than another, or to have his request processed within a particular timeframe. Where a plaintiff

5

seeks a writ of mandamus against the Department of Veterans Affairs without making out a constitutional challenge or establishing a nondiscretionary duty, a district court lacks subject matter jurisdiction over the action. Fioravanti v. U.S. Dep't of Veterans Affairs, No. CIV.A. 98-143, 1998 WL 472449, at *1 (E.D. Pa. July 29, 1998), aff'd, 187 F.3d 625 (3d Cir. 1999) (holding that transfer of a veteran from one healthcare facility to another is a discretionary function not reviewable by the court).

### C. CONCLUSION

Accordingly, this action is **DISMISSED** for lack of jurisdiction and failure to state a claim upon which relief can be granted. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE